# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| CHRISTOPHER FOSTER, | : | Case No. 2:23-cv-947 |
| Petitioner, | : | |
| vs. | : | Judge Edmund A. Sargus, Jr. |
| | : | Magistrate Judge Karen L. Litkovitz |
| KIM HENDERSON, WARDEN, TOLEDO CORRECTIONAL INSTITUTION | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

Christopher Foster, a prisoner at Toledo Correctional Institution who is proceeding without the assistance of counsel, submitted a document entitled "28 USCS 2241 Emergency Request" to this Court on March 7, 2023. (Doc. 1). The document instituted this habeas corpus case. Petitioner has another pending habeas corpus case in this Court, *Foster v. State*, Case No. 2:23-cv-433, which the Undersigned has recommended the Court dismiss for want of prosecution. (*See* Doc. 8 in Case No. 2:23-cv-433). Petitioner acknowledges that he filed the instant case "to have a fresh start" after the activity in the previous case. (*See* Doc. 10, PageID 89).

In this case, as in the previous one, Petitioner has not paid the required filing fee or filed an Application to proceed *in forma pauperis*. His "28 USCS 2241 Emergency Request" was also not made on the standard form for a habeas corpus petition under 28 U.S.C. § 2241 or 28 U.S.C. § 2254. (*See* Doc. 1). On April 3, 2023, the Court issued a Deficiency Order to Petitioner, ordering him "to either pay the $5.00 filing fee or submit a completed application to proceed *in forma pauperis* on the appropriate form" within 30 days. (Doc. 4, PageID 23). The Court also

ordered Petitioner "to submit to the Court an Amended Petition, <u>using the appropriate standard form</u>, setting out his grounds for relief and the other required information" within thirty days. (Doc. 4, PageID 24 (emphasis in original)).[1] To assist Petitioner, the Court provided blank copies of the forms he might need. (*Id*.). The Court warned Petitioner "that failure to comply with this Deficiency Order will result in the dismissal of this action for want of prosecution." (Doc. 4, PageID 25).

To date, Petitioner has not returned any of the forms or paid the filing fee. He has therefore failed to comply with an Order of this Court and has failed to prosecute his case.

Petitioner has, however, filed several other documents. (Doc. 2, 6, 7, 8, 9, 10, 11). These filings span several dozen handwritten pages and contain numerous requests, accusations, and branches of argument. Some merit discussion.

Some documents again ask the Court to order Respondent to directly transfer $5.00 from Petitioner's trust account at Toledo Correctional Institution to the Clerk of this Court to pay the filing fee. (*See, e.g.,* Motion for Court Intervening, Doc. 6, PageID 38; Motion for Court Enforcement, Doc. 7, PageID 46, 52; Motion to Preserve Also to End Barriers, Doc. 9, PageID 77). Petitioner has made this request twice before, and this Court has declined to do so. (*See* Deficiency Order, Doc. 2, PageID 22 (noting that Petitioner's cited authority does not support this request); Report and Recommendation, Doc. 8, PageID 51 in Case No. 2:23-cv-433 (noting that Petitioner's cited authority in that case did not authorize the requested relief)).

---

[1] These requirements are set by statute or are a product of the Rules Governing Section 2254 Cases in the United States District Courts (the "Habeas Rules," applicable to § 2241 cases under Rule 1(b)). *See* 28 U.S.C. § 1914(a) (setting the filing fee amount); Rule 3 of the Habeas Rules (stating that a habeas petition submitted to the Clerk "must be accompanied by: (1) the applicable filing fee, or (2) a motion for leave to proceed *in forma pauperis*" with affidavit and certificate); Rule 2 of the Habeas Rules (anticipating that a habeas corpus claim be made on a "standard form" or substantially follow it).

Here,  Petitioner cites as authority a federal regulation and a state statute:  28 C.F.R. § 35.107(A)[2] and Ohio Revised Code 5120.56(A)(1).[3]  (*See* Doc. 7, PageID 46).  Neither provides

---

[2] This regulation, entitled "Designation of responsible employee and adoption of grievance procedures," states:

> (a) Designation of responsible employee. A public entity that employs 50 or more persons shall designate at least one employee to coordinate its efforts to comply with and carry out its responsibilities under this part, including any investigation of any complaint communicated to it alleging its noncompliance with this part or alleging any actions that would be prohibited by this part. The public entity shall make available to all interested individuals the name, office address, and telephone number of the employee or employees designated pursuant to this paragraph.

28 C.F.R. § 35.107.

[3] This Ohio statute, entitled "Recovery of cost debts from offenders in custody; offender financial responsibility fund," provides, in part:

> (A) As used in sections 5120.56 to 5120.58 of the Revised Code:
>   (1) "Ancillary services" means services provided to an offender as necessary for the particular circumstances of the offender's personal supervision, including, but not limited to, specialized counseling, testing, or other services not included in the calculation of residential or supervision costs.
>   (2) "Cost debt" means a cost of incarceration or supervision that may be assessed against and collected from an offender as a debt to the state as described in division (D) of this section.
>   . . .
> (B) <u>The department of rehabilitation and correction may recover from an offender who is in its custody or under its supervision any cost debt described in division (D) of this section</u>. To satisfy a cost debt described in that division that relates to an offender, the department may apply directly assets that are in the department's possession and that are being held for that offender without further proceedings in aid of execution, and, if assets belonging to or subject to the direction of that offender are in the possession of a third party, the department may request the attorney general to initiate proceedings to collect the assets from the third party to satisfy the cost debt.
>   . . .
> (D) <u>Costs of incarceration or supervision that may be assessed against and collected from an offender</u> under division (B) of this section as a debt to the state shall include, but are not limited to, all of the following costs that accrue while the offender is in the custody or under the supervision of the department:
>   (1) Any user fee or copayment for services at a detention facility or housing facility, including, but not limited to, a fee or copayment for sick call visits;
>   (2) Assessment for damage to or destruction of property in a detention facility subsequent to commitment;
>   (3) Restitution to an offender or to a staff member of a state correctional institution for theft, loss, or damage to the personal property of the offender or staff member;
>   (4) The cost of housing and feeding the offender in a detention facility;
>   (5) The cost of supervision of the offender;
>   (6) The cost of any ancillary services provided to the offender;
>   (7) The cost of any medical care provided to the offender.

Ohio Rev. Code § 5120.56 (emphasis added).

this Court with authority to take the requested action.  The Undersigned is not otherwise aware of another source of federal law giving this Court the authority to obtain funds directly from the trust account of a state prisoner under these circumstances.[4]

One document filed herein challenges the Court's order to complete the standard forms. (See Doc. 10, PageID 94 ("I seek for it to be as if it never occurred, because it violated the Nation's Goals . . . with various fraudulent representations, including an attempt to make me use forms that do not have proper space for emergency merits, and nonemergency forms that coerce my statute of limitations.")).

Some documents challenge the propriety of the Order transferring this case to the docket of the undersigned Magistrate Judge.  (*See* Transfer Order, Doc. 3; Motion to Preserve Also to End Barriers, Doc. 9; Rule 60 Corrected End Barrier Motion, Doc. 10).

Together, the documents offer a varied, and at time incomprehensible picture of what this purported habeas corpus case is about.  For example, Petitioner says:

> Had the Facility's Federal funding program [not] excluded me from participation because it was unusable, at 28CFR35.152(B)(1), and Ohio Revised Code 5149.22, as it remains today, I would have been declared wrongfully imprisoned, paid, also freed more than seven years ago, instead of sitting here in absolute imminent damage of bodily harm, etc., death, at this moment to which I seek relief consistent with the rule for this Sixth Circuit affirmed by, Tennessee v. Lane, 158L.ED.2d820, 830; the Lane rule, under 42USCS12205A, and 75FR56233, was codified into the 2010 Act amendments.

(Doc. 1, PageID 8 (brackets and emphasis in original)).

> This Case is about a preliminary injunction of which works the same way in the 28USCS2241(C)(3) context, as it does outside the Great Writ context…

(Doc. 2, PageID 13 (emphasis in original)).

---

[4] In contrast, in civil rights actions filed by prisoners, district courts are authorized by statute to order the custodian of a prisoner's trust account to remit portions of the $350 filing fee on a set schedule *after* the prisoner has asked the court to proceed *in forma pauperis,* and after the court has granted the prisoner's motion.  *See* 28 U.S.C. § 1915(b). This procedure does not apply to habeas corpus actions.  *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

> Thus, my petition about the State's duty, is an, action, giving a vast duty to the State's Compact parties, defined as officers, for them to start compromising my habeas corpus claims along with any other claims I have on them. See, Ohio Revised Code 2743.01(E)(1)(A).

(Doc. 6, PageID 34 (emphasis in original)).

> This case, under 28CFR35.152(B)(1), and 18USCS4013(B), concerning Ohio's Federal Funding Contract, is for ADA inmates that are actually unto the Federal Attorney General's Control. See Cummins V. Premier, 142S.Ct.1562, 1567.

(Doc. 6, PageID 36 (emphasis in original)).

> …it is clear that the prison is not providing me an interactive process to prove that based on my current medical records, at 28CFR35.139(B), I would have been released more than seven years ago if their ADA Federal Funding program benefits, etc., services were usable, nor is there an interactive process as to there (sic) legal mail invasion conduct regarding this disabilities Act Matter.

(Doc. 6, PageID 37 (emphasis in original)).

> This is an ADA Federal Funding issue for habeas corpus, but fraud is what caused this problem while the State supervises me, to the extent that, the Warden's prison liberty service personnel knew that my wrongful imprisonment challenge had merit, but under 28CFR35.139(B) and 28CFR35.107(A), they did not do there (sic) duty with concealment type representation, claiming there was no merit worthy of investigation.

(Doc. 6, PageID 40 (emphasis in original)).

> This is a housing issue relevant to my 28CFR35.139, 28CFR35.152(B)(2), and 42USCS12205A, issues's (sic) that, consist of the state requiring me to get a lawyer or have no access to any material, necessary to challenge my execution of the sentence ongoing unlawfully.

(Doc. 6, PageID 42 (emphasis in original)).

> I was convicted after a jury trial in a Hamilton County State Court, but, I am not challenging the judgment entry, this emergency petition goes to the execution of the sentence[.] There are no conditions of confinement sufficient for me to execute this sentence without incurring more [physical harm] or death[.] I am challenging how my sentence is being carried out and the retaliation that has occurred, simply in response to my diligence about discovering, at 28CFR35.130 or 28CFR35.172(d), the extent of the cause of court action[.]

(Doc. 8, PageID 57 (emphasis in original)).

5

> This is a, <u>28CFR35.172(d)</u>, petition, as to the execution of the sentence, in the face of actual imminent danger[.]

(Doc. 8, PageID 59 (emphasis in original)).

> There is no way to be tried for an offense a person is immune from, by law, and this felonious assault conviction, with, all of it's (sic) components, is the result of a <u>Brady</u>, <u>Rehabilitation Act</u>, ADA combination that would have been prevented, if discrimination has been eliminated in advance, as <u>28CFR35.107(A)</u>, provides. See <u>Tennessee V. Lane, 158 L.Ed.2d 820, 830</u>[.]

(Doc. 8, PageID 65 (emphasis in original)).

> This case is about an emergency <u>28CFR35.152(B)(1)</u> habeas corpus motion, involving imminent danger, see <u>28USCS2241(C)(3)</u>. . . . This is a habeas corpus matter. . . . The arrangement here, is an ADA action …

(Doc. 10, PageID 85 (emphasis in original)).

> I came back to Court for Justice (ECF No. 1) against the Warden about their wrongful imprisonment, that is the result of how they are making me execute a sentence with no access to usable Court access services.

(Doc. 10, PageID 89).

It may be that this case is about wrongful imprisonment, access to medical records, access to the courts, a housing issue, legal mail in the prison, the Americans with Disabilities Act, the Rehabilitation Act, a "Federal Funding Contract," retaliation, a preliminary injunction, discovery in a criminal case, fraud, something else, or all of the above. (*See also* Doc. 8, PageID 66 ("This is a one of a kind case")). Petitioner additionally raises issues about the "Police Chief's involvement in [his] case prior to [his] indictment," the actions of an attorney contacted "through one of [his] associates that works for the United Nations," Petitioner's "work of ending an insurrection" and many other issues. (Doc. 1, PageID 2, 3, 7).

The Undersigned has attempted to discern what sort of claim Petitioner is raising, despite his failure to comply with the Deficiency Order, and makes three additional comments. First, Petitioner compares the issue he is raising to a "white lady [who] had a housing issue, like mine,

6

under 28CFR35.139, and 42USCS12205A." (Doc. 2, PageID 14). He appears to cite to this Court's decision granting a preliminary injunction in *Entine v. Lissner*, No. 2:17-cv-946, 2017 WL 5507619, 2017 U.S. Dist. LEXIS 190289 (S.D. Ohio Nov. 17, 2017). But *Entine* was a civil action filed under the "Americans with Disabilities Act, the Fair Housing Act, the Rehabilitation Act, and Ohio law," according to the complaint in that case—it was not a habeas corpus matter and it did not involve a prisoner or person in the custody of the state. Civil actions proceed differently and are subject to different rules and standards than habeas corpus actions, as Petitioner appears to acknowledge. (*See* Doc. 9, PageID 76 (noting that "Judge Barrett refused to rule on [his claim] as he made clear that my claims must be done in a separate civil action," citing *Foster v. Warden, Toledo Corr. Inst.*, No. 1:15-cv-713, 2017 WL 3124154, at *4, 2017 U.S. Dist. LEXIS 114916 (S.D. Ohio July 24, 2017))).[5] And claims about conditions of confinement under the ADA do not generally belong in a habeas corpus petition. *See Bailey v. Warden*, No. 1:20-cv-2570, 2021 WL 1733516, at *1 (N.D. Ohio Mar. 22, 2021) (citing *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (rejecting petitioners habeas claim that "the jail is not ADA compliant" because "[c]laims challenging only the conditions of confinement, do not state a claim for relief cognizable under 28 U.S.C. § 2241. They must be raised in a civil rights action.").[6]

---

[5] "[A]s the Magistrate Judge explained, to the extent that Petitioner is arguing that prison conditions rise to the level of a constitutional violation, he must raise those claims in a separate civil rights action under 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 499, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (explaining that 'a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody')." *Foster*, 2017 WL 3124154, at *4.

[6] Petitioner has, in fact, filed a civil action that appears to raise many of these same issues. *See Foster v. Ohio D.R.C.*, No. 2:22-cv-2153, 2022 WL 5240183, at *3 (S.D. Ohio Oct. 6, 2022), *report and recommendation adopted in part, rejected in part*, 2023 WL 1960168 (S.D. Ohio Feb. 13, 2023) ("Read generously, [the complaint] appears to seek to raise: (1) a claim under the Americans with Disabilities Act (ADA) and/or the Rehabilitation Act, although not enough facts are provided to ascertain the scope of the claim; (2) a claim that the ODRC's legal mail policy violates the law; (3) an Eighth Amendment claim for deliberate indifference to a serious medical need; (4) a

Second, Petitioner appears to analogize his case to *Terrell v. United States*, 564 F.3d 442 (6th Cir. 2009). (*See, e.g.*, Doc. 1, PageID 3 (referring to *Terrell* as an "equivalent" habeas corpus case)). *Terrell* involved a habeas corpus petition by a *federal* prisoner under § 2241 seeking an order for the United States Parole Commission "to give him a live in-person parole hearing." *Id*. at 445.

*Terrell*, too, is different. The Sixth Circuit has distinguished between actions filed by federal prisoners and state prisoners in this respect:

> Federal prisoners who wish to collaterally challenge the execution of their sentences must petition for relief under § 2241.
>
> The same is not true of state prisoners who proceed under § 2254, because § 2254 allows state prisoners to collaterally attack either the imposition or the execution of their sentences. And indeed, there exists some question whether state prisoners may ever proceed under § 2241. *See Cook v. N.Y. State Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003) ("A state prisoner such as Cook . . . not only may, but according to the terms of section 2254 must, bring a challenge to the execution of his or her sentence . . . under section 2254. A petition under section 2241 is therefore unavailable to him." (footnote omitted)). This circuit has allowed state prisoners to proceed under § 2241, but subject to the restrictions imposed by § 2254. *See Greene v. Tenn. Dep't of Corr.*, 265 F.3d 369, 371 (6th Cir. 2001) ("'[W]hen a prisoner begins in the district court, § 2254 and all associated statutory requirements [including COA's under § 2253, if applicable] apply no matter what statutory label the prisoner has given the case.'" (quoting *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000) (second modification in original))); *see also Peoples v. Chatman*, 393 F.3d 1352, 1353 (11th Cir. 2004) ("Because there is a single habeas corpus remedy for those imprisoned pursuant to a State court judgment (authorized by § 2241 but subject to all of the restrictions of § 2254), and because one of those restrictions is the one-year statute of limitations set out in § 2244(d), it follows that the one-year statute of limitations applies to Peoples' [§ 2241] petition." (internal citations omitted)).

*Allen v. White*, 185 F. App'x 487, 489-90 (6th Cir. 2006) (emphasis added).

---

retaliation claim; and (5) a claim of denial of access to the courts."). That case is pending before Chief Judge Marbley and Magistrate Judge Gentry.

This Court recently acknowledged that "regardless of the label on the statutory underpinning for a petition, habeas petitions of state prisoners are governed by 28 U.S.C. § 2254, not § 2241." *Walker v. Warden, Warren Corr. Inst.*, No. 1:20-cv-302, 2022 WL 4553337, at *3 (S.D. Ohio Sept. 28, 2022) (quoting *Byrd v. Bagley*, 37 F. App'x 94, 95 (6th Cir. 2002)) (cleaned up). A state prisoner cannot avoid the requirements of § 2254 by labeling his action as one under § 2241.[7] *See Rittenberry v. Morgan*, 468 F.3d 331, 336 (6th Cir. 2006)) ("When a prisoner begins in the district court, § 2254 and all associated statutory requirements apply no matter what statutory label the prisoner has given the case. (Roughly speaking, this makes § 2254 the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody, because it makes clear that bringing an action under § 2241 will not permit the prisoner to evade the requirements of § 2254.)") (cleaned up).

Petitioner has already had (at least) one full round of habeas corpus review under § 2254. *See Foster v. Warden, Toledo Corr. Inst.*, No. 1:15-cv-713, 2017 WL 3124154, at *4 (S.D. Ohio July 24, 2017); *see also In re: Christopher Foster*, Case No. 21-3674 (6th Cir. Jan 4, 2022) (denying authorization to file a second or successive habeas corpus petition).[8]

---

[7] The Court previously noted that it appeared Petitioner should proceed under § 2254 but sent him blank copies of the standard forms for petitions under § 2254 *and* § 2241. (Deficiency Order, Doc. 4, PageID 23-25).

[8] The Sixth Circuit noted:

> In 2015, Foster filed a § 2254 habeas corpus petition, asserting that his Fourteenth Amendment due process and equal protection rights were violated, that his Fourth Amendment rights were violated, that his detention violated "treaties and international law," and that Ohio lacked subject-matter jurisdiction to convict and detain him. *Foster v. Warden*, No. 1:15-cv-00713 (S.D. Ohio). Before the district court disposed of his claims, Foster filed another § 2254 petition in 2016, presenting double-jeopardy, unlawful-restraint, ex-post-facto, and Fifth-Amendment claims. *Foster v. Warden,* No. 1:16-cv-00846 (S.D. Ohio). The petitions were consolidated, and the district court dismissed them and denied a certificate of appealability. This court dismissed Foster's appeal for failure to prosecute. *Foster v. Warden*, No. 17-3911 (6th Cir. Oct. 19, 2017). Since then, we have denied him authorization to file a second or successive habeas corpus petition on multiple occasions.

*In re: Christopher Foster*, at page 2.

Petitioner has also filed numerous cases in this court (and other courts), earning him a designation as a "three-striker" under the federal Prison Litigation Reform Act, and as a vexatious litigator under Ohio law. *See, e.g., Foster v. Perry*, No. 1:18-cv-247, 2018 WL 7572334, at *1 (S.D. Ohio May 10, 2018), *report and recommendation adopted sub nom. Foster v. Ohio Dep't of Rehab. & Corr.*, 2019 WL 1115856 (S.D. Ohio Mar. 11, 2019).[9] He has nonetheless continued to file repetitive, duplicative, "rambling and nonsensical" documents in this and other courts. *Foster v. Trump*, No. 1:20-cv-209-UNA (D.D.C. Mar. 9, 2020); *see also Foster v. Trump*, No. 3:20-cv-532, 2020 WL 5798008, at *1 (N.D. Ohio Sept. 29, 2020).[10]

---

[9] This Court has previously noted "plaintiff's prolific filing in the state and federal courts."

> *See, e.g.*, Southern District of Ohio Case Nos: 1:14-cv-617; 1:14-cv-668; 1:14-cv-642; 1:15-cv-595; 1:15-cv-713; 1:16-cv-835; 1:16-cv-846 and Northern District of Ohio Case Nos. 3:15-cv-404; 3:16-cv-658; 3:16-cv-2109; 3:16-cv-2168; 3:15-cv-2256; 3:16-cv-476; 3:16-cv-1535; 3:16-cv-1715. In addition, Plaintiff has filed at least fourteen cases in the Ohio Court of Claims alone, plus many additional cases in the Franklin Court of Common Pleas. Plaintiff has been sued by the Ohio Attorney General under Ohio Revised Code R.C. § 2323.52 for his vexatious litigation. *See Ohio State Attorney General Mike Dewine v. Christopher Foster*, Case No. 16-cv-2732. Plaintiff also has litigated five actions in the Ohio Supreme Court. (Doc. 80 at 5-6). Not only has Plaintiff filed a large number of cases, but he inundates the courts with motions in the cases that he pursues. In the undersigned's last R&R, I noted that Plaintiff had filed at least 29 motions in this case alone, (see Doc. 78, n.1). As of this writing, that number that has risen to 38 motions in this record alone, not including multiple non-motion filings. (See e.g., Docs. 76, 86, 87, 88, 92, 93, 94, 95, 97). <u>In short, Plaintiff's filings consume a disproportionately large amount of this Court's judicial resources as compared to other pro se or even the prisoner litigant population at large.</u>

*Foster v. Perry*, 2018 WL 7572334, at *1 n.1 (quoting *Foster v. Ohio,* Case No. 1:16-cv-920 (S.D. Ohio Mar. 28, 2018) (Doc. 98, p. 1 n.1)) (emphasis added); *see also* Vexatious Litigators Under R.C. 2323.52, Supreme Court of Ohio, available at https://www.supremecourt.ohio.gov/opinions-cases/clerk-of-court/office/vexatious-litigators-local/ (accessed May 23, 2023). In at least one case, this Court has barred Foster from further filing, because his filings were "repetitious, frivolous, and vexatious." *See, e.g., Foster v. Ohio*, No. 1:16-cv-920, 2019 WL 1472093, at *1 (S.D. Ohio Apr. 3, 2019).

[10] The United States District Court for the Northern District of Ohio said:

> The Complaint and its attachments are incomprehensible. [Foster] mentions his Ohio criminal conviction, other civil rights cases which were dismissed by this court, and various conditions in Ohio prisons as a violation of President Trump's campaign slogan of Make America Great Again. He seeks habeas relief from his conviction or sentence, and an injunction suppressing rebellion under the Fourteenth Amendment.
> …

10

This lack of clarity and wide variety of allegations in Petitioner's filings in this case, combined with his history of repeating allegations, demonstrates why a standard form habeas corpus petition is necessary here. In short, the Undersigned cannot tell what this case is about and whether it may proceed as a habeas corpus case and has ordered Petitioner to explain in a standard form petition; Petitioner has refused.

District courts routinely enforce this standard-form requirement and dismiss habeas cases when a petitioner fails or refuses to comply with a court order to file a proper petition. *See, e.g., Allen v. King*, No. 2:21-cv-10908, 2021 WL 5499243 (E.D. Mich. Nov. 22, 2021) (dismissing habeas matter for failure to comply with an order to file a proper habeas petition); *Smith v. Covington*, No. 5:10-cv-336, 2011 WL 4005341, at *1 (E.D. Ky. Mar. 14, 2011), *report and recommendation adopted*, 2011 WL 4005337 (E.D. Ky. Sept. 8, 2011) (dismissing habeas matter where the initial filing "did not comply with Rule 2 of the Rules Governing Habeas Corpus Cases Under Section 2254 because the submission did not substantially conform to the standard form" and "did not provide the relevant information regarding the underlying conviction, which was required to ensure that the Petition was properly before the Court" and "it cannot be determined whether Petitioner exhausted all state remedies, which is required before federal habeas review occurs," and the petitioner failed to correct the issue); *Brown v. Horton*, No. 2:19-cv-174, 2019 WL 7765355, at *2-3 (W.D. Mich. Nov. 26, 2019), *report and recommendation*

---

[Foster] fails to state a plausible claim for relief. To meet the minimum pleading requirements, the Complaint must give the defendants fair notice of what the plaintiff's claims are and the grounds upon which they rest. *Id*. at 726; *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). I cannot conjure up questions never squarely presented to me or construct full blown claims from sentence fragments. Plaintiff is a state prisoner confined in an Ohio prison. Plaintiff failed to allege any coherent facts that connect his conviction, his conditions of confinement, or decisions by this District Court on previous civil rights cases to President Trump, or the United States government.

*Foster*, 2020 WL 5798008, at *1.

*adopted*, 2020 WL 475244 (W.D. Mich. Jan. 29, 2020) (noting that the court had previously dismissed a non-standard habeas petition where the petitioner failed to comply with an order to file an amended petition on the standard form); *Childs v. Streck*, No. 3:22-cv-259, 2023 WL 2483765, at *1 (S.D. Ohio Feb. 6, 2023), *report and recommendation adopted sub nom. In re Childs v. Streck*, 2023 WL 3480200 (S.D. Ohio May 16, 2023) (recommending dismissal because filer did not, among other things, comply with an order that said: "to proceed with a § 2241 [Habeas Corpus] Petition, he or she must submit the claim on the Standard Form."). *See also Needham v. Tepe*, No. 1:22-cv-547, 2022 WL 16533999, at *3 (S.D. Ohio Oct. 28, 2022) (dismissing a petition without prejudice and advising that "[i]f Petitioner wishes to refile, he must use the standard form of § 2254 petition").

Courts similarly dismiss habeas cases where a petitioner fails to pay the filing fee or move to proceed *in forma pauperis*. *See, e.g.*, *Camp v. Hemingway*, No. 2:20-cv-11667, 2020 WL 8617631, at *1 (E.D. Mich. Sept. 24, 2020) (dismissing habeas petition where petitioners had "neither submitted the $5.00 filing fee or an application to proceed *in forma pauperis*" as ordered in a deficiency order); *Fuller v. FCI Beckley*, No. 3:22-cv-101, 2022 WL 3447064, at *1 (S.D. Ohio Aug. 17, 2022) (dismissing habeas petition where the Magistrate Judge "initially entered a Deficiency Order against Petitioner, a federal prisoner challenging his sentence, noting that he neither paid the required $5.00 filing fee nor submitted a motion for leave to proceed *in forma pauperis*. Additionally, she ordered him to either pay this fee or submit a motion for leave to proceed *in forma pauperis*, and to file an amended petition or otherwise respond to her order within fourteen days. More than thirty days have passed since that order, without any action by Plaintiff.") (internal citations omitted); *Kincer v. Warden, FCC Petersburg*, No. 1:18-cv-452, 2018 WL 4732452, at *1 (S.D. Ohio Aug. 16, 2018), *report and recommendation adopted*, 2018

WL 4719326 (S.D. Ohio Oct. 1, 2018) (dismissing habeas petition where petitioner "was advised that failure to respond to the Deficiency Order within the requisite 30-day period would result in the case being dismissed," but failed to pay the filing fee or file a motion to proceed without prepayment of fees).

Failure to correct either of the deficiencies identified in the Deficiency Order here would justify dismissal of this action. Petitioner has not simply failed to respond, however. He has refused to file the appropriate documents. This is the second case in which he has done so. (*See* Doc. 10, PageID 89; *see* Case No 2:23-cv-433). It appears that Petitioner is attempting to circumvent this Court's previous orders, the standards limiting what civil actions he may file *in forma pauperis* as a "three-striker," and the standards governing successive habeas corpus petitions in this district court. His refusal to take the steps outlined in this Court's Deficiency Order merits dismissal of his ostensible habeas corpus action.

"District courts have the inherent power to sua sponte dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999) (internal citations omitted). Failure of a party to comply with an order of the Court warrants invocation of this inherent power. *See* Fed. R. Civ. P. 41(b) (applicable here under Rule 1(b) and Rule 12, Habeas Rules ("The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.")). Here, Petitioner

13

was warned that his case would be dismissed if he did not comply with the Court's order. (Doc. 4, PageID 25). He did not comply.

Accordingly, the Undersigned **RECOMMENDS** that this Court **DISMISS** this action for want of prosecution. Because this is the second habeas case apparently raising the same issues in which Petitioner has refused to comply with the Court's orders, and for the reasons discussed above, the Undersigned **RECOMMENDS** that this dismissal be **WITH PREJUDICE** to refiling a habeas corpus action on the grounds discussed above.

The Undersigned further **RECOMMENDS** that the Court **DENY** a certificate of appealability, as reasonable jurists would not debate whether Petitioner has failed to prosecute his case where he failed to comply with the Court's Deficiency Order. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## NOTICE REGARDING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it within **FOURTEEN DAYS** after being served with a copy thereof. Fed. R. Civ. P. 72(b); Rule 12 of the Rules Governing Section 2254 Cases in the United States District Court. All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the fourteen-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

June 1, 2023

KAREN L. LITKOVITZ
UNITED STATES MAGISTRATE JUDGE