# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| CHRISTOPHER FOSTER, | : | Case No. 2:23-cv-947 |
| Petitioner, | : | |
| vs. | : | Judge Edmund A. Sargus, Jr. |
| | : | Magistrate Judge Karen L. Litkovitz |
| KIM HENDERSON, WARDEN, TOLEDO CORRECTIONAL INSTITUTION | : | |
| Respondent. | : | |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

This habeas corpus matter was opened on the Court's docket on March 13, 2023. On June 1, 2023, the undersigned Magistrate Judge recommended that the Court dismiss the action for want of prosecution. (Report and Recommendation, Doc. 12). This recommendation was based on Petitioner's failure or refusal to comply with an April 3, 2023 Deficiency Order instructing him to (1) pay the $5 filing fee or file an application to proceed *in forma pauperis,* and (2) submit an Amended Petition on the appropriate standard form setting out his grounds for habeas relief. (*Id.*). The Undersigned explained that it was unclear what this case was about:

> It may be that this case is about wrongful imprisonment, access to medical records, access to the courts, a housing issue, legal mail in the prison, the Americans with Disabilities Act, the Rehabilitation Act, a "Federal Funding Contract," retaliation, a preliminary injunction, discovery in a criminal case, fraud, something else, or all of the above. (*See also* Doc. 8, PageID 66 ("This is a one of a kind case")). Petitioner additionally raises issues about the "Police Chief's involvement in [his] case prior to [his] indictment," the actions of an attorney contacted "through one of [his] associates that works for the United Nations," Petitioner's "work of ending an insurrection" and many other issues. (Doc. 1, PageID 2, 3, 7).
>
> …
>
> This lack of clarity and wide variety of allegations in Petitioner's filings in this case, combined with his history of repeating allegations, demonstrates why a

standard form habeas corpus petition is necessary here. In short, the Undersigned cannot tell what this case is about and whether it may proceed as a habeas corpus case and has ordered Petitioner to explain in a standard form petition; Petitioner has refused.

(Doc. 12, PageID 109, 114).

Petitioner submitted timely Objections to the Report and Recommendation on June 3, 2023. (Doc. 13). The Objections are currently pending. On June 23, 2023, Petitioner submitted an Amended Petition for a writ of habeas corpus under 28 U.S.C. § 2241, using the standard form provided by the Court. (*See* Doc. 14). The Amended Petition was received and filed by the Clerk of Court on July 5, 2023. However, as of the date of this writing, Petitioner still has not paid the $5 filing fee to institute a habeas corpus action or filed an application to proceed *in forma pauperis*.[1]

The Undersigned continues to **RECOMMEND** that this action be **DISMISSED**, notwithstanding Petitioner's partial and delayed compliance with the Court's Deficiency Order. Petitioner still has not taken the steps required to institute a habeas corpus action in this Court. *See* 28 U.S.C. § 1914(a) ("The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court . . . to pay a filing fee of $350, except that on application for a writ of habeas corpus the filing fee shall be $5."); Rule 3 of the Rules Governing Section 2254 Cases in the United States District Courts, applicable to § 2241 cases under Rule 1(b) (stating that a habeas petition submitted to the Clerk "must be accompanied by:

---

[1] A document recently filed in a separate civil case Petitioner is pursuing in this Court reveals that Petitioner has (or had, at the time he was to comply with the Deficiency Order) sufficient funds to pay the $5 filing fee. (*See* Prisoner Account Statement, Doc. 37, PageID 311, in Case No. 2:22-cv-2153 (indicating average monthly deposits of $253.50 and a balance of $21.38)). This Court may take judicial notice of these court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)). *See also Joseph v. Warden, Lebanon Corr. Inst.*, No. 1:08-cv-349, 2009 WL 467581, at *6 (S.D. Ohio Feb. 24, 2009) (adopting Report and Recommendation that noted that this "Court routinely requires inmates possessing over $5.00 in their inmate accounts to pay the full filing fee in habeas corpus actions. Their necessities of life are provided for by their institutions of incarceration and requiring the $5.00 filing fee under the circumstances is not unjust.").

2

(1) the applicable filing fee, or (2) a motion for leave to proceed in forma pauperis" with affidavit and certificate). Petitioner's failure or refusal to do so—for the second time, in the second case—merits dismissal with prejudice. (*See* Report and Recommendation, Doc. 12).

Moreover, Petitioner's Amended Petition still fails to set out a coherent habeas corpus claim. (Doc. 14). He asserts that he is challenging "[t]he fact of my unlawful confinement being extended . . . as [a] result of discriminatory retaliation" for which "[t]he facility's council at Ohio Revised Code 5149.22 is responsible." (Doc. 14, PageID 131).

The referenced statute, Ohio Revised Code § 5149.22, establishes "the Ohio council for interstate adult offender supervision" under "Article IV of the interstate compact for adult offender supervision." There is no explanation in the Amended Petition how this entity is relevant. According to the Amended Petition, Petitioner has not completed his sentence and not been released from confinement; he is currently incarcerated in an Ohio prison following an Ohio conviction. (*See* Doc. 14, PageID 130). It therefore appears that he is not subject to transferred post-confinement supervision under the interstate compact for adult offender supervision.[2]

Read very generously, Petitioner's Amended Petition *may* be asserting that prison officials (and perhaps their counsel, or the "Ohio council for interstate adult offender supervision") retaliated against him under the Americans with Disabilities Act, deprived him of

---

[2] According to the Ohio Department of Rehabilitation and Correction, "[u]nder interstate compact supervision, felony and misdemeanor supervisee[s] may be under supervision in Ohio as a transfer from the state where they were convicted." Available at https://drc.ohio.gov/systems-and-services/1-parole/supervision (accessed July 12, 2023). "Supervisees on community supervision, who meet specific eligibility criteria, may be transferred to another state under the ICAOS system. . . . The Ohio Council and Interstate Commission for Adult Offender Supervision are administered through ODRC's APA. The Interstate Compact Office facilitates the transfer of supervision services for offenders who are approved to reside and work in a territory other than where they are convicted. The offices enforce policies and procedures to ensure compliance with federal and state law for the transfer of supervision across state lines." Available at https://drc.ohio.gov/systems-and-services/1-parole/field-services/field-services (accessed July 12, 2023).

3

access to the courts, and withheld documents from him; and, had they not done so, he would have been declared a wrongfully imprisoned individual under Ohio law[3] and released seven years ago. (*See* Doc. 14, PageID 135). The basis for these assertions—if indeed these are Petitioner's assertions—is unknown.

In short, it remains unclear what Petitioner is trying to argue here and whether he is raising a viable habeas corpus claim. He has already had his one full opportunity to challenge his conviction and sentence. *See Foster v. Warden, Toledo Corr. Inst.*, No. 1:15-cv-713, 2017 WL 3124154, at *4 (S.D. Ohio July 24, 2017); *see also In re: Christopher Foster*, Case No. 21-3674 (6th Cir. Jan 4, 2022) (denying authorization to file a second or successive habeas corpus petition). To the extent Petitioner is challenging the conditions of his confinement, or raising claims under the ADA or claims for retaliation or the denial of access to the courts under the First Amendment, those claims would belong in a civil right action rather than a habeas corpus action. (*See* Report and Recommendation, Doc. 12, PageID 110).

Accordingly, for these reasons and the reasons set out in the previous Report and Recommendation, which is incorporated by reference herein, the Undersigned again **RECOMMENDS** that the Court **DISMISS** this action with prejudice for failure to prosecute.

The Undersigned further **RECOMMENDS** that the Court **DENY** the motions pending in this case as moot and **DENY** a certificate of appealability, as reasonable jurists would not debate whether Petitioner has failed to prosecute his case where he failed to fully comply with the Court's Deficiency Order. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

---

[3] Petitioner may be referring to Ohio Revised Code § 2743.48, which provides at subsection (B)(1) that "[a] person may file a civil action to be declared a wrongfully imprisoned individual in the court of common pleas in the county where the underlying criminal action was initiated."

### NOTICE REGARDING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it within **FOURTEEN DAYS** after being served with a copy thereof. Fed. R. Civ. P. 72(b); Rule 12 of the Rules Governing Section 2254 Cases in the United States District Court. All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the fourteen-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

July 12, 2023

KAREN L. LITKOVITZ
UNITED STATES MAGISTRATE JUDGE