UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CHRISTOPHER FOSTER**

     **Plaintiff,**             Case No. 2:23-cv-947
                                 JUDGE EDMUND A. SARGUS, JR.
     v.                       Magistrate Judge Karen L. Litkovitz

**KIM HENDERSON,**

     **Defendant.**

## OPINION AND ORDER

This matter is before the Court on the Petition for Writ of Habeas Corpus (ECF No. 1) and Amended Writ (ECF No. 14), Motion to Proceed While Black (ECF No. 2), Motion for Court Intervening (ECF No. 6), Motion for Court Enforcement (ECF No. 7), Motion to Preserve Also to End Barriers (ECF No. 9), Motion to Expedite (ECF No. 11), Rule 60 Motion (ECF No. 17), the Magistrate Judge's Report and Recommendation (ECF No. 12) and her Supplemental Report and Recommendation (ECF No. 15) and the two Objections to the Reports filed by Petitioner (ECF No. 13, 16).

For the reasons that follow, the Court **OVERRULES** the Petitioner's Objections (ECF No. 13, 16), **ADOPTS** the Report and Recommendation (ECF No. 12) and Supplemental Report and Recommendation (ECF No. 15), and **DENIES AS MOOT** all other motions (ECF Nos. 2, 6, 7, 9, 11, 17).

### I.

This habeas corpus matter was opened on the Court's docket on March 13, 2023.  The Magistrate Judge has twice recommended that the Court dismiss the action for want of prosecution

and failure to state a claim upon which relief can be granted. (ECF Nos. 12, 15.) Petitioner has timely objected to these recommendations. (ECF Nos. 13, 16.)

## II.

If a party objects within the allotted time to a report and recommendation, 28 U.S.C. § 636(b)(1) provides that a district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."

In evaluating a complaint to determine whether it states a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must construe it in favor of the plaintiff, accept the factual allegations contained in the pleading as true, and determine whether the factual allegations present any plausible claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (clarifying the plausibility standard articulated in *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although a plaintiff's complaint need not contain "detailed" factual allegation, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555.

## III.

The Magistrate Judge recommended dismissal of this case based on Petitioner's failure or refusal to comply with an April 3, 2023 Deficiency Order instructing him to (1) pay the $5 filing fee or file an application to proceed *in forma pauperis,* and (2) submit an Amended Petition on the

appropriate standard form setting out his grounds for habeas relief. (*Id*.). The Magistrate Judge explained that it was unclear what this case was about, stating:

> It may be that this case is about wrongful imprisonment, access to medical records, access to the courts, a housing issue, legal mail in the prison, the Americans with Disabilities Act, the Rehabilitation Act, a "Federal Funding Contract," retaliation, a preliminary injunction, discovery in a criminal case, fraud, something else, or all of the above. (*See also* Doc. 8, PageID 66 ("This is a one of a kind case")). Petitioner additionally raises issues about the "Police Chief's involvement in [his] case prior to [his] indictment," the actions of an attorney contacted "through one of [his] associates that works for the United Nations," Petitioner's "work of ending an insurrection" and many other issues.
>
> (Doc. 1, PageID 2, 3, 7).
> …
>
> This lack of clarity and wide variety of allegations in Petitioner's filings in this case, combined with his history of repeating allegations, demonstrates why a standard form habeas corpus petition is necessary here. In short, the Undersigned cannot tell what this case is about and whether it may proceed as a habeas corpus case and has ordered Petitioner to explain in a standard form petition; Petitioner has refused.
>
> (Doc. 12, PageID 109, 114).

(Report and Recommendation, ECF No. 12.)

After he Petitioner timely objected (ECF No. 13), he submitted an Amended Petition for Writ of Habeas Corpus (ECF No. 14).  Petitioner, however, failed to pay the $5.00 filing for or to request *in forma pauperis* status.

The Magistrate Judge considered Petitioner's Objection (ECF No. 13) and his Amended Petition for Writ of Habeas Corpus (ECF No. 14) and issued a Supplemental Report and Recommendation (ECF No. 15).  In that Supplemental Report and Recommendation, the Magistrate Judge again recommended dismiss for failure to file the applicable filing fee or failure to request *in forma pauperis* status, and failure to state a claim upon which relief can be granted under the habeas corpus statute.

The Magistrate Judge also recommended denying as moot all other pending motions and denying any certificate of appealability.

## IV.

Since the Magistrate Judge issued her Supplemental Report and Recommendation, Petitioner has filed the $5.00 filing fee.  (Aug. 23, 2023.)  After a *de novo* review, this Court agrees and adopts this portion of the Magistrate Judge's Supplemental Report and Recommendation that finds Petitioner has failed to state a habeas corpus claim.

The Magistrate Judge correctly assessed the habeas claim as follows:

> Petitioner's Amended Petition still fails to set out a coherent habeas corpus claim. (Doc. 14). He asserts that he is challenging "[t]he fact of my unlawful confinement being extended . . . as [a] result of discriminatory retaliation" for which "[t]he facility's council at Ohio Revised Code 5149.22 is responsible." (Doc. 14, PageID 131).
>
> The referenced statute, Ohio Revised Code § 5149.22, establishes "the Ohio council for interstate adult offender supervision" under "Article IV of the interstate compact for adult offender supervision." There is no explanation in the Amended Petition how this entity is relevant. According to the Amended Petition, Petitioner has not completed his sentence and not been released from confinement; he is currently incarcerated in an Ohio prison following an Ohio conviction. (See Doc. 14, PageID 130). It therefore appears that he is not subject to transferred post-confinement supervision under the interstate compact for adult offender supervision.
>
> Read very generously, Petitioner's Amended Petition may be asserting that prison officials (and perhaps their counsel, or the "Ohio council for interstate adult offender supervision") retaliated against him under the Americans with Disabilities Act, deprived him of access to the courts, and withheld documents from him; and, had they not done so, he would have been declared a wrongfully imprisoned individual under Ohio law and released seven years ago. (See Doc. 14, PageID 135) [(fn 3: Petitioner may be referring to Ohio Revised Code § 2743.48, which provides at subsection (B)(1) that "[a] person may file a civil action to be declared a wrongfully imprisoned individual in the court of common pleas in the county where the underlying criminal action was initiated.")].  The basis for these assertions—if indeed these are Petitioner's assertions—is unknown.
>
> In short, it remains unclear what Petitioner is trying to argue here and whether he is raising a viable habeas corpus claim. He has already had his one full opportunity to challenge his conviction and sentence. *See Foster v. Warden, Toledo Corr. Inst.*,

4

>No. 1:15-cv-713, 2017 WL 3124154, at *4 (S.D. Ohio July 24, 2017); *see also In re: Christopher Foster*, Case No. 21-3674 (6th Cir. Jan 4, 2022) (denying authorization to file a second or successive habeas corpus petition). To the extent Petitioner is challenging the conditions of his confinement, or raising claims under the ADA or claims for retaliation or the denial of access to the courts under the First Amendment, those claims would belong in a civil right action rather than a habeas corpus action. (See Report and Recommendation, Doc. 12, PageID 110).

(ECF No. 15, 3–4.)

The Court adopts in full this analysis.  The Magistrate Judge very generously read Petitioner's briefs and appropriately applied the law to the facts before her.  Petitioner has had the opportunity to challenge his sentence.  To the extent he seeks to challenge his conditions of confinement, that fails to state a claim under habeas corpus upon which relief may be granted.

## V.

For the reasons set forth above, the Court **OVERRULES** the Petitioner's Objections (ECF No. 13, 16), **ADOPTS** the Report and Recommendation (ECF No. 12) and Supplemental Report and Recommendation (ECF No. 15), **DENIES AS MOOT** all other motions (ECF Nos. 2, 6, 7, 9, 11, 17), **DISMISSES** this case, and **DENIES** a certificate of appealability as reasonable jurists would not debate whether Petitioner has failed to prosecute his case where he failed to fully comply with the Court's Deficiency Order.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  The Clerk is **DIRECTED** to **ENTER JUDGMENT** in favor of Defendant and to **CLOSE** this case.

    **IT IS SO ORDERED.**


**8/24/2023**　　　　　　　　　　　　　　　　　　　　s/Edmund A. Sargus, Jr.
**DATE**　　　　　　　　　　　　　　　　　　　　　　**EDMUND A. SARGUS, JR.**
　　　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**