UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CHRISTOPHER FOSTER,**

    **Petitioner,**

v.

    Case No. 2:23-cv-947
    JUDGE EDMUND A. SARGUS, JR.
    Magistrate Judge Karen L. Litkovitz

**KIM HENDERSON,**

    **Respondent.**

**OPINION AND ORDER**

This matter is before the Court on Petitioner's Motion for Reconsideration of this Court's Opinion and Order dismissing his case. (ECF No. 21.) For the following reasons, Petitioner's Motion is **DENIED**.

## I. Background

Petitioner seeks reconsideration of this Court's August 24, 2023 Opinion and Order (ECF No. 18) adopting the Magistrate Judge's Report and Recommendation (ECF No. 12) and Supplemental Report and Recommendation (ECF No. 15). The Court agreed with the Magistrate Judge that Petitioner's action should be dismissed for failure to state a claim upon which relief can be granted under the habeas corpus statute. (ECF No. 18.) Petitioner timely filed a Motion for Reconsideration. (ECF No. 21.)

## II. Legal Standard

"Motions for reconsideration of a judgment are construed as motions to alter or amend the judgment" under Rule 59 of the Federal Rules of Civil Procedure. *Moody v. Pepsi-Cola Metro. Bottling Co.*, 915 F.2d 201, 206 (6th Cir. 1990). A party may move to alter or amend a judgment

1

under Rule 59(e) if there is "'(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (quoting *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006)). "[M]otions to alter or amend, or for reconsideration, are not intended as a mechanism for a plaintiff to relitigate issues previously considered and rejected, or to submit evidence which in the exercise of reasonable diligence could have been submitted earlier." *Kittle v. State*, No. 2:05-cv-1165, 2007 WL 543447, at *1 (S.D. Ohio Feb. 15, 2007) (citing *Helton v. ACS Grp.*, 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997)); *see also Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) ("Rule 59(e) allows for reconsideration; it does not permit parties to effectively 're-argue a case.'" (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998))). Any Rule 59(e) motion must be filed within 28 days of the date of the judgment sought to be altered or amended.

### III.     Analysis

Petitioner has satisfied none of the grounds to warrant altering or amendment of judgment under Rule 59(e). Petitioner's only argument appears to be that the Court "did not rely on the post 2008 version of the ADA[.]" (ECF No. 21 at PageID #185.) However, as the Magistrate Judge correctly assessed in the Supplemental Report and Recommendation:

> In short, it remains unclear what Petitioner is trying to argue here and whether he is raising a viable habeas corpus claim. He has already had his one full opportunity to challenge his conviction and sentence. *See Foster v. Warden, Toledo Corr. Inst.*, No. 1:15-cv-713, 2017 WL 3124154, at *4 (S.D. Ohio July 24, 2017*); see also In re: Christopher Foster*, Case No. 21-3674 (6th Cir. Jan 4, 2022) (denying authorization to file a second or successive habeas corpus petition). To the extent Petitioner is challenging the conditions of his confinement, or raising claims under the ADA or claims for retaliation or the denial of access to the courts under the First Amendment, those claims would belong in a civil right action rather than a habeas corpus action. (See Report and Recommendation, Doc. 12, PageID 110).

2

(ECF No. 15 at PageID #143). "[H]abeas review is limited to claims challenging the fact or duration of a prisoner's confinement, and constitutional challenges to the conditions of a confinement are more appropriately brought in a § 1983 civil rights action." *Richards v. Taskila*, No. 20-1316, 2020 WL 6075666, at *1 (6th Cir. Sept. 3, 2020) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973); *Hodges v. Bell*, 170 F. App'x 389, 392-93 & n.2 (6th Cir. 2006)).

Moreover, Rule 59(e) motions are extraordinary in nature and should be granted only to correct a clear error because they undermine the important interest in finality. *See, e.g., Watkins v. Columbus City Sch.*, Case No. 2:19-cv-394, 2020 WL 1914808, at *1 (S.D. Ohio Apr. 20, 2020). This motion to reconsider demonstrates no such clear error. Accordingly, Petitioner's motion is denied.[1]

Assuming a certificate of appealability is required for Petitioner to appeal the denial of this Rule 59(e) motion, *see, e.g., Suntoke v. Warden, Chillicothe Corr. Inst.*, Case No. 2:15-cv-1345, 2018 WL 11472279, at *1 (S.D. Ohio Mar. 19, 2018), the Court is not persuaded that reasonable jurists would debate whether the Court correctly denied Petitioner's Rule 59(e) motion, and so a certificate of appealability is also denied.

---

[1] Petitioner also filed an untimely "Amended Objection" to the Magistrate Judge's Supplemental Report and Recommendation. (ECF No. 20; *see also* ECF No. 15.) However, even if the Amended Objection had been timely, it would not have changed the Court's analysis in its August 24, 2023 Opinion and Order.

3

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** Petitioner's Motion for Reconsideration (ECF No. 21) and **DENIES** a certificate of appealability. The **JUDGMENT** entered on August 24, 2023 (ECF No. 19) **REMAINS IN EFFECT**. This case remains closed.

    **IT IS SO ORDERED.**

**2/27/2024**                                      **s/Edmund A. Sargus, Jr.**
**DATE**                                            **EDMUND A. SARGUS, JR.**
                                                      **UNITED STATES DISTRICT JUDGE**