UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CHRISTOPHER FOSTER,**

    **Petitioner,**

    v.                                          Case No. 2:23-cv-947
                                                   JUDGE EDMUND A. SARGUS, JR.
                                                   Magistrate Judge Karen L. Litkovitz

**KIM HENDERSON,**

    **Respondent.**

## ORDER

This matter is before the Court on Petitioner Christopher Foster's motion for relief from dismissal of the Court's Opinion and Order denying his motion for reconsideration. (ECF No. 23.) Mr. Foster also moved for a stay of proceedings. (ECF No. 24.) For the reasons stated below, the motion for relief is **DENIED** and the motion for a stay of proceedings is **DENIED AS MOOT**.

**I.    BACKGROUND**

On August 30, 2023, Mr. Foster sought reconsideration of this Court's August 24, 2023 Opinion and Order and judgment (ECF Nos. 18, 19) adopting the Magistrate Judge's Report and Recommendation (ECF No. 12) and Supplemental Report and Recommendation (ECF No. 15). (ECF No. 21.) In the August 24, 2023 Opinion and Order (ECF No. 18), this Court agreed with the Magistrate Judge that Mr. Foster's action should be dismissed for failure to state a claim upon which relief could be granted under the habeas corpus statute. Despite her best efforts, the Magistrate Judge could not discern what this case was about (*id.* PageID 167) and explained that Mr. Foster had failed to set out a coherent habeas corpus claim (*id.* PageID 168). The Court denied Mr. Foster's Motion for Reconsideration, finding he had satisfied none of the grounds to

warrant altering or amending the judgment under Federal Rule of Civil Procedure 59(e). (ECF No. 22); *see also Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (explaining that a party may move to alter or amend a judgment under Rule 59(e) if there is "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice" (internal quotations and citations omitted)).

## II. MOTION FOR RELIEF

In his latest motion for relief filed February 28, 2024, Mr. Foster moves "seek[ing] for the Judge to receive more evidence" and "to be relieved of dismissal." (ECF No. 23, PageID 195.) He makes argument about the public defender and seems to be claiming she is retaliating against him. (*Id.* PageID 196.) Mr. Foster also argues about his conditions of confinement, specifically, he states that prison officials are not treating his chronic pain disease. (*Id.*)

The Court construes Mr. Foster's motion for relief as one asking the Court to reconsider his motion for reconsideration. "But 'there is no authority in the rules of procedure to reconsider the denial of past motions for reconsideration or relief from judgment.'" *Morgan v. AMISUB (SFH), Inc.*, No. 218CV02042TLPTMP, 2021 WL 1947871, at *1 (W.D. Tenn. May 14, 2021) (quoting *Fharmacy Records v. Nassar*, No. 05-72126, 2008 WL 11355569, at *5 (E.D. Mich. Dec. 4, 2008)); *see Hawkins v. Czarnecki*, 21 F. App'x 319, 320 (6th Cir. 2001) ("nothing in the rules that provides for multiple subsequent motions for reconsideration once the district court has issued an order denying a motion for reconsideration").

Even if the rules did allow for reconsideration of a motion to reconsider, the Court would deny Mr. Foster's request for relief. First, if the Court were to construe his motion as one under Federal Rule of Evidence 60(b), Mr. Foster argues none of the Rule 60(b) reasons or factors. And the two arguments that he does make—that the public defender is retaliating against him

2

and challenging his conditions of confinement—have already been addressed by this Court. (ECF No. 22 ("To the extent Petitioner is challenging the conditions of his confinement, or raising claims under the ADA or claims for retaliation or the denial of access to the courts under the First Amendment, those claims would belong in a civil rights action rather than a habeas corpus action.").)

Mr. Foster's motion for relief, which the Court construes as a second motion for reconsideration, is **DENIED**. (ECF No. 23.)

### III.   MOTION FOR A STAY OF PROCEEDINGS

Mr. Foster also moved for a stay of proceedings, asking the Court to "stay all proceedings concerning all motions pending in this Court, because, he is exhausting the final state remedies and grievances that must be exhausted before he can go forward with relief." (ECF No. 24.) As explained above, however, judgment was entered and this case is closed. (ECF No. 19.) There is nothing to stay, and Mr. Foster's motion for a stay is **DENIED AS MOOT**. (ECF No. 24.)

### IV.   CONCLUSION

For the reasons stated above, the motion for relief is **DENIED** (ECF No. 23) and the motion for stay of proceedings is **DENIED AS MOOT** (ECF No. 24). This case remains closed.

    **IT IS SO ORDERED.**

**9/24/2024**                                           **s/Edmund A. Sargus, Jr.**  
**DATE**                                                 **EDMUND A. SARGUS, JR.**  
                                                         **UNITED STATES DISTRICT JUDGE**